UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| JOYCE V. NIX, | ) | No. 09 B 44134 |
| | ) | |
| Debtor. | ) | Judge Janet S. Baer |

**MEMORANDUM OPINION AWARDING REASONABLE COSTS OF COLLECTION TO THE BLACKTHORN HALL CONDOMINIUM ASSOCIATION, INC.**

The Blackthorn Hall Condominium Association, Inc. (the "Condominium Association") filed a Petition for Attorney's Fees seeking $3,348.00 in fees and $176.00 in costs incurred to date under the Condominium Association's Declaration regarding its efforts to collect past homeowner's association fees. Joyce Nix (the "Debtor") objects to the reasonableness of the attorney's fees sought.

Only reasonable fees, costs, or charges are compensable. Section 506(b) of the bankruptcy Code provides, in relevant part:

> To the extent that an allowed secured claim is secured by property the value of which . . . is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any *reasonable fees, costs, or charges provided for under the agreement under which such claim arose.*

11 U.S.C. § 506(b) (emphasis added). In reviewing the Condominium Association's Petition, this Court has broad discretion to determine what constitutes a "reasonable" fee. *In re Stoecker*, 114 B.R. 980, 983 (Bankr. N.D. Ill. 1990). "The Court must review the fees to ensure they are reasonable in scope and amount." *Id.* The criteria to be evaluated in determining reasonableness include: (1) time and labor required; (2) novelty and difficulty of questions; (3) skill requisite to perform legal services; (4) preclusion of other employment by acceptance of the case; (5)

1

customary fee; (6) whether the fee sought is fixed or contingent; (7) time limitations; (8) amount involved and results achieved. *Id.*

This case involves the Condominium Association seeking to collect past due homeowner's association fees from the Debtor. The Condominium Association is entitled to attorney's fees and costs if the Board must bring suit to recover default payments. Article XVI, Section H, of the Condominium Association's Declaration provides:

"If a Unit Owner is in default in the monthly payment of the aforesaid charges or assessments for thirty (30) days, the members of the Board may bring suit for and on behalf of themselves and as representatives of all Unit Owners, to enforce collection thereof or to foreclose the lien therefore as hereinafter provided; and *there shall be added to the amount due the costs of said suit, and other fees and expenses together with legal interest and reasonable attorney's fees to be fixed by the court.*"

Creditor's Supp. Pet. Att'ys Fees, Feb. 13, 2013, ECF No. 98 (emphasis added).

On February 7, 2013, on the Condominium Association's Motion for Relief from the Automatic Stay, this Court found the Debtor owed the Condominium Association $2,580.00 in past due homeowner's fees. While the Condominium Association is entitled under the Declaration to seek attorney's fees and costs related to collecting these past due fees, it is also responsible in part for the amount of time and expense involved in the collection proceedings. The Condominium Association made some mistakes which resulted in additional confusion, time, and expense, for which it would be unreasonable to make the Debtor pay. These mistakes included incorrectly listing the creditor in the Proof of Claim and inconsistencies regarding the legal name of the Condominium Association in various documents, including the Mortgage, the Condominium Association's Declaration, and certain communications with the Debtor that contributed in part to the confusion in this case.

On the other hand, given the Debtor was *pro se*, counsel for the Condominium Association had to prepare information and pretrial materials for the Court in excess of those that

may otherwise have been required if the Debtor had her own counsel. These materials were necessary to assist the Court in addressing and deciding the homeowner's fee matter. As a result, the Court has adjusted the fees requested to a level it finds in its discretion reasonable in light of all the circumstances of this case.

Wherefore, the Court will enter an order consistent with this Memorandum Opinion allowing the Condominium Association's costs of collection in the total amount of $1,000.00.

Dated: August 15, 2013

_____
Janet S. Baer
United States Bankruptcy Judge